**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Xiao Qiu<br>2000 Veterans Highway, Apt B22<br>Levittown, PA 19056<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>AstaTech, Inc.<br>2525 Pearl Buck Road<br>Bristol, PA 19007<br><br>　　　　　Defendant. | CIVIL ACTION NO. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT – CIVIL ACTION**

Plaintiff, Xiao Qiu ("Plaintiff"), by and through her undersigned attorney, for her Complaint against AstaTech, Inc. ("Defendant"), alleges as follows:

1. Plaintiff brings this Complaint contending that Defendant has violated the Family Medical Leave Act ("FMLA"), 29 U.S.C. 2601, *et seq.,* Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*, Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, Fair Labor Standards Act ("FLSA") 29 U.S.C § 201, et seq. and the Pennsylvania Minimum Wage Act of 1968 ("PMWA") 43 P.S. § 333 *et seq*.

**PARTIES**

2. Plaintiff Xiao Qiu is an adult residing at 2000 Veterans Highway, Apt B22 Levittown, PA 19056.

3. Defendant is a "private employer" and covered by the FLSA.

4. Upon information and belief, Defendant AstaTech, Inc. is a for-profit business entity, duly organized and existing under the laws of the Commonwealth of Pennsylvania, and is registered and licensed to engage in business, and is engaged in business, in the Eastern District of Pennsylvania, and the Commonwealth of Pennsylvania, with a principal place of business located in the Eastern District of Pennsylvania, and in the Commonwealth of Pennsylvania, and an office address registered with the Pennsylvania Secretary of State of 2525 Pearl Buck Road, Bristol, PA 19007

5. Upon information and belief, Defendant is a covered employer under the FLSA in that, during the course of Plaintiff's employment, it had an annual dollar volume of sales or business done of at least $500,000, and has multiple employees (including, but not limited to Plaintiff) who handle otherwise work on goods or materials that have been moved in or produced for commerce.

6. Plaintiff and, upon information and belief, was an employee who were engaged in commerce and employed by Defendant during all times relevant hereto and, as such, were employees entitled to the FLSA's protections.  See 29 U.S.C. 203(e).

7. At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

8. Paragraphs 1 through 7 are hereby incorporated by reference as though the same were fully set forth at length herein.

9. On or about April 16, 2020, Plaintiff filed a Complaint with the United States Equal Employment Opportunity Commission (the "EEOC"), thereby satisfying the requirements of 42

U.S.C. §§ 12117(a); 2000e-5(b) and (e). Plaintiff's Complaint was docketed as EEOC Charge Number: 530-2020-03758. Plaintiff's Complaint was filed within one hundred and eighty (180) days of the unlawful employment practice.

10. By correspondence dated December 8, 2020, Plaintiff received a Notice of Rights to Sue from the EEOC regarding her Charge of Discrimination, advising her that she had ninety (90) days to file suit against Defendant.

11. Plaintiff filed the instant matter within the relevant statutory timeline.

12. Plaintiff has therefore exhausted her administrative remedies and has complied with all conditions precedent to maintaining this action.

13. This action is authorized and instituted pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*.,

14. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as it is a civil rights action arising under the laws of the United States.

15. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

16. This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as the ADA, Title VII, FMLA, and FLSA claims.

17. The venue in this District is proper pursuant to 28 U.S.C. § 1391, inasmuch as the events giving rise to this action occurred in this District.

## FACTS

18.Paragraphs 1 through 17 are hereby incorporated by reference as though the same were fully set forth at length herein.

19.Plaintiff began her employment with Defendant on or around October 1, 2014 in the position of a Marketing Analyst. In or around December 2016, Plaintiff was promoted to the position of Senior Admin II. Plaintiff received Defendant's "Employee of the Year" award.

20.Throughout the course of her employment with Defendant, Plaintiff performed her job well, receiving positive feedback regarding her performance and no justifiable discipline.

### A. *Facts Related to Plaintiff's FMLA Claim*

21.On or about August 29, 2019, Plaintiff requested FMLA leave to fly to Wuhan, China to care for her mother's serious health condition.

22.On or about August 29, 2019, Plaintiff's FMLA leave was approved.

23.Plaintiff's FMLA leave began on September 9, 2019 and was scheduled to conclude in November.

24.On or about November 22, 2019, Plaintiff requested additional leave as her father was scheduled to have surgery.

25.On or about November 26, 2019, Defendant approved Plaintiff's request for additional FMLA.

26.Plaintiff returned to work at Defendant on or about December 30, 2019.

27.Upon Plaintiff's return to work, Plaintiff learned that her access to the IQO system was deactivated and despite her request that her access to the system be restored, her access was not restored for the duration of her employment with Defendant.

28. Plaintiff's core job functions were made more difficult without access to the IQO system.

29. Plaintiff's employment was terminated within five (5) weeks of returning from FLMA leave.

30. Defendant willfully violated the FMLA by terminating Plaintiff's employment in retaliation for attempting to exercise her rights to the same.

### B. *Facts Related to Plaintiff's National Origin Claim*

31. On or about January 3, 2020, Defendant granted Plaintiff's request to use PTO time to visit her father in her native city of Wuhan, China, from on or about January 22, 2020 until January 29, 2020.

32. On or about January 21, 2020, Rona Yang ("Ms. Yang), Defendant's owner instructed Plaintiff not to visit China because of concerns regarding Covd-19. Ms. Yang also stated that if Plaintiff visited China that Plaintiff would be required to provide medical proof that Plaintiff was able to work. Ms. Yang did not specify what records would be required.

33. As of January 21, 2020, the Center for Disease Control ("CDC") had not instituted any sort of travel advisory or medical screenings with regard to people who were traveling to or from Wuhan, China.

34. On January 23, 2020, Plaintiff arrived in Beijing; however, as access to Wuhan, China was cut-off Plaintiff did not leave the airport in Beijing and boarded a plane the on the morning of January 24, 2020 to return to the United States of America.

35. On January 24, 2020, Plaintiff arrived back in Pennsylvania and attempted to return to her job at Defendant.

36. Defendant refused to allow Plaintiff to return to work until certain conditions were met: 1) Plaintiff had to self-quarantine, 2) Plaintiff was given a vague directive to provide medical records including a doctor's note indicating that she did not have Covid-19, 3) Plaintiff was required to provide Defendant with documentation outlining every moment of her less than twenty-four (24) hour stay in Beijing, China.

37. These restrictions and requirements were only placed on Plaintiff. By way of an example, in early-2020, Pinghua Shen ("Ms. Shen"), another one of Defendant's employees, visited Shanghai, China for about 18 days during which time she cared for a family member who was hospitalized.

38. Hospitals are known as places in which transmission of diseases including Covid-19 is especially prevalent.

39. Defendant never asked Ms. Shen or any other person not from Wuhan, China to quarantine or provide medical records.

C. *Facts Related to Plaintiff's Termination*

40. On or about January 30, 2020, Plaintiff returned to work.

41. On or about January 31, 2020, Tuo Zhao ("Ms. Zhao"), Plaintiff's former supervisor, left her employment with Defendant after giving her two-weeks' notice.

42. On or about February 3, 2020, Plaintiff was told that her former position was being eliminated. At that time, Plaintiff was offered a choice of the following jobs with Defendant: 1) a new and lower paying role, 2) a job with limited career advancement but with pay similar to her existing job, 3) a role that offered pay similar to her existing job, but for which Plaintiff lacked the proper background. Plaintiff was given until February 5, 2020 to decide on taking a new role.

43. On or about February 5, 2020, before Plaintiff could respond to the offer, Defendant told Plaintiff that the offer of a new role was rescinded. During the same meeting, Defendant terminated Plaintiff's employment.

44. Upon information and belief, Defendant hired four (4) new employees since August 2019. One of the new employees was brought in to assume a large portion of Defendant's duties.

### D. *Facts Related to Plaintiff's FLSA/PMWA Claim*

45. Plaintiff regularly worked forty-two (42) hours a week but was only paid for forty (40) hours a week of work.

46. In violation of the provisions of the FLSA, Defendant failed to pay Plaintiff compensation and/or overtime compensation for all hours worked over forty (40) in a week.

47. In violation of the FLSA, Defendant failed to pay Plaintiff for work performed after her scheduled shift was supposed to end.

48. Defendant failed to pay Plaintiff at a rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of forty (40) hours in a work week.

49. Plaintiff was not an employee who was responsible for making high-level administrative decisions, rather her job entailed performing tasks like preparing data for new purchase, cleaning large amounts of raw data from internal systems and speaking with outsourcing partners.

50. In violation of the FLSA, Defendant also failed to accurately track, record, and report the hours worked by Plaintiff. This policy and practice of Defendant is unequivocal evidence of Defendant's willful and improper failure to follow the provisions of the FLSA.

51. Plaintiff calculated that she worked 312 hours of unpaid time for Defendant and is owed $9,675.12 in unpaid wages.

### E. Facts Related to Plaintiff's ADA/PHRA Claim

52. Beginning on or about January 23, 2020, it is believed that Defendant began regarded Plaintiff as having Covid-19.

53. As Plaintiff was the only employee that Defendant asked to engage in certain health protocols, it is believed that Defendant regarded Plaintiff as having Covid-19.

54. The question as to whether or not Covid-19 is a disability has not been adjudicated before a U.S. Court. However, Covid-19 fits within the ADA's definition of disability as they substantially limit Plaintiff in one or more major bodily function, including but not limited difficulty being around other people, working, and breathing.

55. At no point did Defendant engage in an interactive process with Plaintiff in an effort to find a reasonable accommodation as is required by the ADA.

56. It is believed and therefore averred that Defendant terminated Plaintiff because of her disability, because Defendant regarded her as being disabled, and/or because of Plaintiff's record of impairment in violation of the ADA and the PHRA.

### F. Facts Related to Plaintiff's Damages

57. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment and struggled to obtain other employment.

58. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered damages, including, but not limited to, loss of employment, promotion benefits, earnings and earnings potential, loss of potential bonuses, and other economic damages,

and has also suffered mental anguish, emotional pain and suffering, emotional distress, humiliation, and damage to reputation.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2601, *et seq.*
## INTERFERENCE AND RETALIATION

59. Paragraphs 1 through 58 are hereby incorporated by reference as though the same were fully set forth at length herein.

60. As described above, Defendant approved Plaintiff's utilization of the FMLA by permitting Plaintiff to use leave pursuant to the FMLA.

61. Defendant offered Plaintiff FMLA leave and Plaintiff utilized this offer as such the doctrine of equitable estoppel renders the Plaintiff eligible for the purposes of this litigation.

62. Defendant violated the FMLA by terminating Plaintiff for taking FMLA-qualifying leave and/or in retaliation utilizing the FMLA.

63. The aforementioned actions of Defendant constitute both interference and retaliation violations of the FMLA.

64. As a result of Defendant's actions, Plaintiff has suffered significant damages.

65. Plaintiff has, because of Defendant's wrongful termination of Plaintiff's employment, has suffered significant wage losses and was unemployed for a significant period of time.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter a judgment in her favor and against Defendant, and grant her the maximum relief allowed by the law, including, but not limited to:

1) Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

2)      Liquidated damages;

3)      Plaintiff's costs, disbursements, and reasonable attorneys' fees incurred in prosecuting this action;

4)      Pre-judgment interest in an appropriate amount; and

5)      Such other and further relief as is just and equitable under the circumstances.

**COUNT II**
**AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. § 12101, et seq.**
**DISCRIMINATION AND RETALIATION**

66.      Paragraphs 1 through 65 are hereby incorporated by reference as though the same were fully set forth at length herein.

67.      At all times relevant hereto, Plaintiff was an employee within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

68.      At all times relevant hereto, Defendant had at least fifteen (15) employees.

69.      Plaintiff is a qualified individual with a disability within the meaning of the ADA.

70.      As described above, Plaintiff's disability substantially limits Plaintiff in one or more major life activities.

71.      As Plaintiff advised Defendant of her disability, Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

72.      By reason of the foregoing, Defendant, through its agents, officers, servants, and/or employees, has violated the ADA by terminating Plaintiff on account of her disabilities, because it regarded her as being disabled within the meaning of the ADA, and/or in retaliation for plaintiff's requesting a reasonable accommodation.

73.      Plaintiff's assertion that she was unlawfully terminated is supported by the proximity in time between Plaintiff advising Defendant of her disability and Defendant taking

adverse employment action. Upon learning of Plaintiff's disability, Defendant advised Plaintiff not to show-up to work. Within twelve (12) days of learning of Plaintiff's disability, Defendant terminated Plaintiff.

74. As a result of Defendant's deliberate, unlawful, and malicious acts as set forth above, Plaintiff has suffered loss of employment, earnings, earnings potential, raises, and other significant economic benefits, along with emotional pain and suffering, emotional distress, and humiliation.

**WHEREFORE,** as a result of the unlawful conduct of Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Punitive, compensatory, and/or exemplary damages in an amount to be determined at trial, but sufficient to punish Defendant for its intentional, negligent, willful, wanton, and/or malicious conduct;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this matter;

D. Pre-judgment interest in an appropriate amount;

E. Such other and further relief as is just and equitable under the circumstances; and

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth by applicable federal law.

## COUNT III
## THE PENNSYLVANIA HUMAN RELATIONS ACT
## 43 P.S. § 951, *ET SEQ.*
## DISCRIMINATION AND RETALIATION

75. Paragraphs 1 through 74 are hereby incorporated by reference, as though the same were fully set forth at length herein.

76. Plaintiff is a qualified individual with a disability within the meaning of the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.*

77. As described above, Plaintiff's disability substantially limited Plaintiff in one or more major life activities.

78. As Plaintiff advised Defendant of her disability, Defendant was aware of Plaintiff's disability and/or regarded Plaintiff as being disabled.

79. The facts surrounding Plaintiff's termination, many of which are highlighted above, support Plaintiff's contention that Defendant retaliated against Plaintiff for her requests to be reasonably accommodated and/or on the basis of her actual and/or perceived disability.

80. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, earnings, raises, other significant economic benefits, emotional pain and suffering, emotional distress and humiliation.

81. The conduct described above constitutes a violation of the Pennsylvania Human Relations Act, 43 P.S. § 955, *et seq.*, and affords Plaintiff the opportunity to seek any and all remedies available under said Act.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant her the maximum relief allowed by law, including, but not limited to:

A. Back wages, front pay, and bonuses in an amount to be determined at trial, but not less than one hundred and fifty thousand dollars ($150,000.00);

B. Compensatory damages in an amount to be determined at trial;

C. Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

D. Pre-judgment interest in an appropriate amount; and

E. Such other and further relief as is just and equitable under the circumstances;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages as set forth by applicable law.

## COUNT IV
## FAIR LABOR STANDARDS ACT
## 29 U.S.C § 201, et seq.
## FAILURE TO PAY OVERTIME COMPENSATION

82. Paragraphs 1 through 81 are hereby incorporated by reference, as though the same were fully set forth at length herein.

83. Section 207(a)(1) of the FLSA states that employees must be paid overtime, equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of (40) forty hours per week.

84. As a matter of practice, Defendant required Plaintiff to work in excess of forty (40) hours per week. Plaintiff was denied overtime compensation for compensable work performed in excess of forty (40) hours per week, in violation of the FLSA.

85. Defendant also failed to pay Plaintiff for all hours worked, including for work performed for Defendant during their unpaid meal breaks and after their scheduled shifts ended.

86. The foregoing actions of Defendant violate the FLSA.

87. Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable FLSA provisions.

88. Defendant is liable to Plaintiff for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. 216(b), as well as reasonable attorney's fees, costs, and expenses.

**WHEREFORE**, Plaintiff prays for the following relief:

A. Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

B. Adjudicating and declaring that Defendant violated the FLSA by failing to pay compensation and/or overtime pay to Plaintiff for compensable hours in excess of (40) forty hours per week and for all hours worked;

C. Awarding Plaintiff back pay wages and/or overtime wages in an amount consistent with the FLSA;

D. Awarding Plaintiff liquidated damages in accordance with the FLSA;

E. Awarding Plaintiff reasonable attorney's fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. Awarding pre-and post-judgment interest and court costs as further allowed by law;

F. For all additional general and equitable relief to which Plaintiff may be entitled.

**COUNT V**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333 *et seq*.**
**FAILURE TO PAY OVERTIME COMPENSATION**

89. Paragraphs 1 through 88 are hereby incorporated by reference as though same were fully set forth at length herein.

90. The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees. See 43 P.S. § 333.113.

91. The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one and one half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek. See 43 P.S. § 333.113.

92. By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff for all hours' work.

93. As a result of Defendant's unlawful acts, Plaintiff have been deprived of overtime compensation in amounts to be determinate at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiff, pray for judgment against Defendant as follows:

A. An award to Plaintiff for the amount of unpaid overtime compensation to which she is entitled, including interest thereon, and penalties subject to proof;

C. An award to Plaintiff of reasonable attorney's fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D. An award to Plaintiff for any other damages available to her under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

## COUNT IV
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## 42 U.S.C. § 2000e, *et seq.*
## NATION ORIGIN DISCRIMINATION

94. Paragraphs 1 through 93 are hereby incorporated by reference, as though the same were fully set forth at length herein.

95. Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e, *et seq.*, in that Defendant unlawfully and illegally discriminated against Plaintiff on the basis of her national origin (from the Wuhan region of China), a protected class under Title VII.

96. Title VII case law is supportive of a reading of the term "national origin" to protect a person against discrimination based on the region of the country that they are originally from Roach v. Dresser Ind. Valve & Instrument Division 494 F.Supp. 215 (1980).

97. Defendant acted with malice and with reckless indifference to Plaintiff's civil rights and emotional and physical well-being.

98. Defendant terminated Plaintiff on the basis of her national origin.

99. Because of Defendant's unlawful acts, Plaintiff suffered damage in the form of, *inter alia*, loss of past and future wages and compensation, loss of reputation and standing in the professional community, personal humiliation, embarrassment, and loss of life's enjoyment.

100. As a result of Defendant's deliberate, unlawful, and malicious actions as set forth above, Plaintiff has suffered loss of employment, promotion benefits, earnings and earnings potential, and loss of other significant economic benefits.

**WHEREFORE**, as a result of the unlawful conduct of the Defendant, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and grant the maximum relief allowed by law, including, but not limited to:

  (A) Back wages, front pay, loss of health and retirement benefits, raises, and bonuses in an amount to be determined at trial, but no less than One Hundred and Fifty Thousand Dollars ($150,000.00);

  (B) Compensatory damages;

  (C) Plaintiff's costs, disbursements, and attorney's fees incurred in prosecuting this action;

  (D) Pre-judgment interest in an appropriate amount; and

  (E) Such other and further relief as is just and equitable under the circumstances.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: */s/ Andrew Condiles*
   Andrew Condiles, Esquire
   Michael Murphy, Esquire
   Eight Penn Center, Suite 2000
   1628 John F. Kennedy Blvd.
   Philadelphia, PA 19103
   Phone: (267) 273-1054
   acondiles@phillyemploymentlawyer.com
   murphy@phillyemploymentlawyer.com
   *Attorneys for Plaintiff*

Dated: January 4, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to her potential claims and her claims to damages, to any defenses to same, including, but not limited to electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spreadsheets, images, cache memory, payroll records, paystubs, time records, timesheets, and any other information and/or data which may be relevant to any claim or defense in this litigation.